**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, and ) | |
| ALLSTATE FIRE AND CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. CIV-25-1393-R |
| ) | |
| TYLER SHELLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Motion for Default Judgment [Doc. No. 43] filed by

Plaintiffs Progressive Direct Insurance Company and Allstate Fire and Casualty Insurance

Company against Defendants Kidney and Hypertension Associates of Dallas, PLLC; North

Texas Critical Care, PA; Pathologist Bio-Medical Laboratories, PLLC f/k/a Pathologist

Bio-Medical Laboratories, L.L.P.; Sacred Cross EMS Inc.; Urgent Surgery Associates,

P.A.; U.S. Anesthesia Partners of Texas, P.A.; CareFlite; Questcare Medical Services,

PLLC; and Texas Radiology Associates, LLP. Plaintiffs also request to be discharged from

further liability. For the following reasons, Plaintiffs' Motion is granted.

## BACKGROUND

This is an interpleader action arising out of a 2023 motor vehicle accident which

occurred in Davis, Oklahoma. The Complaint [Doc. No. 1] alleges that consequently,

Defendant Tyler Shelley incurred over $535,000.00 in medical bills. Specifically,

Defendant Tyler Shelley was injured in the 2023 accident when the vehicle he was riding

in as a passenger swerved to avoid debris and lost control departing the roadway. That

vehicle was operated by non-party Casey Glasco. At the time of the accident, Glasco was covered by Progressive and Allstate automobile insurance policies, both with bodily injury limits of $25,000.00 per person/$50,000.00 per accident. Progressive and Allstate agreed to tender the available $50,000.00 to Shelley and he accepted.

All Defendants have either provided legal services, healthcare services, or insurance benefits to Shelley for his injuries and made claims to the insurance proceeds. Because $50,000.00 is insufficient to cover Shelley's medical bills and potential damages, Progressive and Allstate filed this interpleader action, seeking a determination as to the appropriate distribution of the insurance proceeds. Defendants Kidney and Hypertension Associates of Dallas, PLLC; North Texas Critical Care, PA; Pathologist Bio-Medical Laboratories, PLLC f/k/a Pathologist Bio-Medical Laboratories, L.L.P.; Sacred Cross EMS Inc.; Urgent Surgery Associates, P.A.; U.S. Anesthesia Partners of Texas, P.A.;  CareFlite; Questcare Medical Services, PLLC; and Texas Radiology Associates, LLP ("the Default Defendants") were served via their respective registered agents. To date, the Default Defendants have failed to respond to the Complaint or enter an appearance. Consequently, the Clerk entered default against them pursuant to Federal Rule of Civil Procedure 55(a) [Doc. No. 36]. Progressive and Allstate now seek default judgment against the Default Defendants under Rule 55(b) and to be discharged from the Interpleader.

## LEGAL STANDARD

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Entry of default by the Clerk under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *State Auto Prop. & Cas. Ins. Co. v. Est. of Brierton*, No. CIV-17-114-W, 2018 WL 8344843, at \*1 (W.D. Okla. Aug. 24, 2018). The default concedes the truth of the allegations of the Complaint regarding Defendants' liability under all counts brought against them. *United States v. Real Prop. Known as 7208 E. 65th Place*, No. 15-CV-324-GKF-TLW, 2017 WL 5476398, at \*2 (N.D. Okla. Feb. 17, 2017) (citation omitted). But courts must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotation marks omitted).

## DISCUSSION

### I.   The Court Has Jurisdiction.

Before entering a default judgment, "a district court must determine whether it has jurisdiction over" the defendant. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997). Taking the Complaint's well-pleaded allegations as true, the Court finds that it has both subject matter jurisdiction over the action and personal jurisdiction over the Default Defendants.

### A.   Subject Matter Jurisdiction

Under 28 U.S.C. § 1335(a), federal courts have original jurisdiction over any civil interpleader action filed by a corporation

> having in . . . its custody or possession money or property of the value of $500 or more, . . . if (1) [t]wo or more adverse claimants, of diverse citizenship . . . are claiming . . . to be entitled to such money . . . ; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court . . . .

Here, the combined automobile motorist policy limits amount to $50,000.00. Progressive and Allstate have deposited the $50,000.00 into the Court's registry [Doc. Nos. 41, 42]. Additionally, Progressive and Allstate allege (1) Questcare Medical Services, PLLC is a citizen of Texas; Sacred Cross EMS, Inc. is a citizen of Texas; Texas Radiology Associates, LLP is a citizen of Texas; US Anesthesia Partners of Texas, P.A. is a citizen of Texas; Pathologist Bio-Medical Laboratories, PLLC is a citizen of Texas and Tennessee; North Texas Critical Care, PA is a citizen of Texas; Urgent Surgery Associates, P.A. is a citizen of Texas; CareFlite is a citizen of Texas; and Kidney and Hypertension Associates of Dallas, PLLC is a citizen of Texas; Shelley is a citizen of Oklahoma; Oklahoma Health Care Authority is a citizen of Oklahoma; and Ryan, Bisher, Ryan & Simons is a citizen of Oklahoma; and (2) each of these defendants claim to be entitled to the interpleader proceeds. The Court therefore finds that it has subject matter jurisdiction over this action.

### B.      Personal Jurisdiction

Plaintiffs bear the burden of making a prima facie showing of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008); *see also USAA Life Ins. Co. v. Stauch*, No. 23-CV-00413-PAB-MDB, 2024 WL 1177931, at *3 (D. Colo. Mar. 19, 2024). The interpleader statute provides for nationwide service of process on all claimants. 28 U.S.C. § 2361. "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) (citation and internal quotation marks omitted); FED. R. CIV. P. 4(k)(1)(C). Although the interpleader statute

4

prescribes service by the United States Marshal, "[t]o the extent that [it] conflicts with the Federal Rules of Civil Procedure, it has been superseded." *Aisner v. N.Y. Life Ins. Co.*, 41 F.3d 664, at *1 (5th Cir. 1994) (unpublished) (citing 28 U.S.C. § 2072). Rule 4(e) allows service of process pursuant to "state law . . . in the state where the district court is located." Under Oklahoma law, a plaintiff may serve process by mail through its attorney by certified mail, return receipt requested, and delivery restricted to the addressee. OKLA. STAT. tit. 12, § 2004. Progressive served the Default Defendants' registered service agents by certified mail and/or hand delivery in compliance with Oklahoma law [Doc. No. 34]. Progressive and Allstate have therefore met their prima facie burden of showing that the Court has personal jurisdiction over the Default Defendants.

## II.     Default Judgment is Appropriate.

"The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Prudential Ins. Co. of Am. v. Tubbs*, No. 20-CV-233-JFH, 2021 WL 3733126, at *4 (E.D. Okla. Aug. 23, 2021) (quoting *Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999)) (quotation marks and alterations omitted); *see also USAA Life Ins.*, 2024 WL 1177931, at *4 (quoting *Combined Ins. Co. of Am. v. Glass*, No. 14-CV-01458-KMT, 2015 WL 996172, at *9 (D. Colo. Mar. 3, 2015)). Because the Default Defendants failed to answer the interpleader complaint or assert a claim to the proceeds, they have forfeited any claim of entitlement to the res. Default judgment against them is therefore appropriate.

### III.    Progressive and Allstate are Dismissed from This Action.

Progressive and Allstate also request to be dismissed from this action and discharged from any further liability in connection with the benefits at issue.

> Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudge to be entitled thereto.

*USAA Life Ins.*, 2024 WL 1177931, at *4 (quoting *Combined Ins. Co.*, 2015 WL 996172, at *9) (quotation marks omitted).

Progressive and Allstate have deposited the benefits at issue and are admittedly disinterested stakeholders. And there is no genuine issue as to their rights and liabilities. Therefore, Progressive and Allstate should be dismissed from the action and discharged from any and all liability under the insurance policies at issue, as Plaintiffs are not seeking attorney fees or costs.

### CONCLUSION

Accordingly, Plaintiffs' Motion [Doc. No. 43] is GRANTED. Default Judgment is entered against Defendants Kidney and Hypertension Associates of Dallas, PLLC; North Texas Critical Care, PA; Pathologist Bio-Medical Laboratories, PLLC f/k/a Pathologist Bio- Medical Laboratories, L.L.P.; Sacred Cross EMS Inc.; Urgent Surgery Associates, P.A.; U.S. Anesthesia Partners of Texas, P.A.; CareFlite; Questcare Medical Services, PLLC; and Texas Radiology Associates, LLP. Progressive and Allstate are DISMISSED from this action and DISCHARGED from any and all liability under the insurance policies

that form the basis of this interpleader action.

IT IS SO ORDERED this 1st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE